IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RANDY DAVIS,<br><br>    PLAINTIFF,<br><br>V.<br><br>RICHMOND HONAN DEVELOPMENT AND ACQUISITIONS, LLC and SCOTT HONAN,<br><br>    DEFENDANTS. | Civil Action No.:<br>_____<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff Randy Davis ("Plaintiff"), by and through the undersigned attorney, brings this action against Defendants Richmond Honan Development and Acquisitions, LLC and Scott Honan (collectively "Defendants") for failure to pay Plaintiff minimum wage as required by the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and at a rate of one-and-one-half his regular rate of pay for all hours worked in excess of 40 hours per week. Additionally, Plaintiff asserts state law claims of quantum meruit pursuant to O.C.G.A. § 9-2-7, unjust enrichment, and attorneys' fees.

## PARTIES

1. At all relevant times, Plaintiff was a resident of the state of Georgia and submits himself to the jurisdiction of the Court.

2. Defendant Richmond Honan Development and Acquisitions, LLC ("Richmond Honan") is a Georgia limited liability company. Richmond Honan's principal office is located at 11680 Great Oaks Way, Suite 120, Alpharetta, Georgia 30022.

3. Defendant Richmond Honan's registered agent, Kaplan, Bogue & Cooper, P.C., 100 Glenridge Point Parkway, Suite 500, Atlanta, Georgia 30342 filed a "Statement of Resignation of Registered Agent" on November 13, 2023. No new registered agent has been identified.

4. Defendant Scott Honan ("Honan") is an individual who, during all relevant times, owned a significant percentage of and served as manager of Richmond Honan. Honan is a Georgia citizen who may be served with process by serving a Summons and a copy of this Complaint on him at 11680 Great Oaks Way, Alpharetta, Georgia 30022.

5. At all relevant times, Defendant Richmond Honan has been, and continues to be, an "employer" engaged in interstate commerce and/or the

production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201 *et seq.*

6. At all relevant times, Defendant Richmond Honan has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because it "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."

7. At all relevant times, Defendant Richmond Honan had an annual gross volume of sales or business done in excess of $500,000.

8. At all relevant times, Defendant Richmond Honan had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

9. At all relevant times Defendant Richmond Honan was an "employer" of Plaintiff as that term is defined by 29 U.S.C. § 203(d).

10. Defendant Richmond Honan is governed by and subject to 29 U.S.C. § 206 and 29 U.S.C. § 207.

11. Defendant Scott Honan owns and operates Richmond Honan. Defendant Scott Honan acts directly or indirectly on behalf of Richmond Honan and

exercises day-to-day control over the operations and pay practices of Richmond Honan. Defendant Scott Honan is an employer within the meaning of the FLSA.

## JURISDICTION AND VENUE

12.     This Court has federal question jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

13.     Pursuant to 28 U.S.C. § 1391(b), 42 U.S.C. § 2000e-5(f)(3) and Local Rule 3.1(B)(3), venue is proper because the unlawful employment practices giving rise to the Plaintiff's claims occurred in this judicial district and division.

## FACTUAL ALLEGATIONS

14.     Defendant Richmond Honan focuses on health care real estate. Specifically, Defendant Richmon Honan creates, acquires, and manages health-based facilities.

15.     On September 23, 2019, Plaintiff was hired as a commercial, medical office building architect for Defendant Richmond Honan.

16.     Plaintiff's annual salary began at $90,000 per year but was later increased to $120,000 per year.

17.     On October 13, 2022, for the first time, Plaintiff did not receive his paycheck via direct deposit.

18. Thereafter, in a repeated pattern, Plaintiff continued to perform his services but did not receive several of his paychecks.

19. Plaintiff continued to follow up with Scott Honan by email and text message regarding the status of his paychecks and was continuously told that he would be paid.

20. In fact, Plaintiff sent three invoices to Defendants detailing the pay periods for which he had not been paid.

21. On February 27, 2023, Plaintiff received an email from Williem Oelofse from Richmond Honan stating that he would not be receiving a W-2 tax form from Richmond Honan for the 2022 tax year, but instead would be receiving a 1099.

22. This was the first time Plaintiff was informed that he was no longer an employee of Richmond Honan.

23. Prior to 2022, Plaintiff had received W-2 tax forms from Richmond Honan.

24. Plaintiff continued to perform services for Defendant Richmond Homan through February 28, 2023 but did not receive a paycheck or any form of compensation for the periods: December 16-31, 2022, January 1-15, 2023, January

15-31, 2023, February 1-15, 2023 and February 15-28, 2023 prior to his resignation on February 28, 2023.

25. In fact, Plaintiff has voluminous text messages with several employees of Richmond Honan and its clients to show the significant amount of work he performed from October 2022 through his resignation.

26. Plaintiff has unpaid wages totaling $29,653.02, and also has incurred legal fees and expenses.

27. Plaintiff was improperly classified as independent contractor when he should have been classified as an employee, entitling him to minimum wage and overtime protections under the FLSA.

28. Defendants directly and indirectly controlled the employment relationship.

29. Plaintiff had office space at Richmond Honan.

30. Plaintiff had a Richmond Honan email address.

31. Plaintiff had mandatory weekly meetings.

32. Plaintiff used a laptop that was given to him by Defendants.

33. Plaintiff had health benefits while employed by Defendants.

34. Plaintiff had all expenses reimbursed by Defendant Richmond Honan.

35. Plaintiff maintained an 8AM-4PM work schedule Monday through Friday which meant he typically worked around 40 hours a week.

36. However, there were weeks in which Plaintiff worked more than 40 hours per week.

## COUNT I
## WILLFUL FAILURE TO PAY MINIMUM WAGE
## IN VIOLATION OF THE FLSA
## (Against all Defendants)

37. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

38. Plaintiff asserts this count pursuant to 29 U.S.C. § 216(b).

39. At all relevant times, Defendant Richmon Honan was an employer engaged in commerce and/or the production of goods for commerce pursuant to 29 U.S.C. §§ 203(b), 203(s)(1).

40. At all relevant times, Defendants employed Plaintiff, and Plaintiff was Defendants' employee, pursuant to 29 U.S.C. §§ 203(e), 203(g).

41. At all relevant times, Defendant Richmond Honan had an annual gross volume of sales or business done in excess of $500,000.

42. The FLSA requires covered employers like Defendants to pay employees like Plaintiff federal minimum wage for hours worked. *See* 29 U.S.C. § 206(a).

43. Plaintiff did not fall under any of the exemptions to the minimum wage requirements of the FLSA. *See* 29 U.S.C. § 213.

44. At all relevant times, Defendants knew that Plaintiff was not paid federal minimum wage for his work, and willfully and intentionally engaged in a widespread policy or practice of failing and refusing to pay Plaintiff the federal minimum wage. *See* 29 U.S.C. § 255.

45. Defendants were familiar with the requirements of the FLSA. Defendants' violations were willful because they knew or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA.

46. Defendants' willful failure and refusal to pay Plaintiff the federal minimum wage for hours worked violates the FLSA. *See* 29 U.S.C. § 206.

47. As a direct and proximate result of these unlawful practices, Plaintiff suffered and continues to suffer wage loss and is therefore entitled to recover unpaid minimum wages for up to three years prior to the filing of his claims, liquidated damages, pre-and post- judgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## COUNT II
## WILLFUL FAILURE TO PAY OVERTIME WAGES
## IN VIOLATION OF THE FLSA
**(Against all Defendants)**

48. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

49. Plaintiff asserts this count pursuant to 29 U.S.C. § 216(b).

50. At all relevant times, Defendant Richmond Honan was an employer engaged in commerce and/or the production of goods for commerce pursuant to 29 U.S.C. §§ 203(b), 203(s)(1).

51. At all relevant times, Defendants employed Plaintiff, and Plaintiff was Defendants' employee, pursuant to 29 U.S.C. §§ 203(e), 203(g).

52. At all relevant times, Defendant Richmond Honan has had an annual gross volume of sales or business done in excess of $500,000.

53. The FLSA requires covered employers like Defendants to pay employees like Plaintiff at a rate of one-and-one-half their regular rate of pay for all hours worked in excess of 40 hours per week. *See* 29 U.S.C. § 207.

54. Plaintiff's employment does not fall under any of the exemptions to the maximum hour requirements of the FLSA. *See* 29 U.S.C. § 213.

55. There were weeks in which Plaintiff worked more than 40 hours per week for Defendants.

56. At all relevant times, Defendants did not properly compensate Plaintiff for all hours worked in excess of 40 in a workweek, as required by the FLSA.

57. At all relevant times, Defendants knew that Plaintiff worked overtime without proper compensation, and willfully and intentionally engaged in a widespread policy or practice of failing and refusing to pay Plaintiff at a rate of one-and-one-half their regular rate of pay for all hours worked in excess of 40 hours per week. *See* 29 U.S.C. § 255.

58. Defendants were familiar with the requirements of the FLSA. Defendants' violations were willful because they knew or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA.

59. Defendants' willful failure and refusal to pay Plaintiff overtime pay violates the FLSA. *See* 29 U.S.C. § 207.

60. As a direct and proximate result of these unlawful practices, Plaintiff suffered and continues to suffer wage loss and is therefore entitled to recover overtime pay for up to three years prior to the filing of his claims, liquidated damages, pre-and post- judgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## COUNT III
## QUANTUM MERUIT
## VIOLATION OF O.C.G.A. § 9-2-7
### (Against all Defendants)

61. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

62. Plaintiff performed services of value in good faith to Defendants for which Plaintiff has not been fully paid, and Defendants have taken undue advantage of Plaintiff's situation, contrary to law and good conscience.

63. Defendants knowingly and voluntarily accepted and retained this benefit and value.

64. Defendants have provided inadequate reimbursement, payment, or other consideration for the substantial benefit and value they received from Plaintiff. As such, Plaintiff has conferred a benefit on Defendants for which Defendants equitably should compensate Plaintiff. Defendants have been unjustly enriched and payment is due from Defendants to Plaintiff in equity and good conscience.

65. Under these circumstances, it would be inequitable, unfair, and unjust for Defendants to retain this benefit.

## COUNT IV
## UNJUST ENRICHMENT
### (Against all Defendants)

66. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

67. Plaintiff performed services of value in good faith to Defendants for which Plaintiff has not been fully paid, and Defendants have taken undue advantage of Plaintiff's situation, contrary to law and good conscience. As a direct result, Defendants obtained a substantial benefit and value.

68. Defendants knowingly and voluntarily accepted and retained this benefit and value.

69. Defendants have provided inadequate reimbursement, payment, or other consideration for the substantial benefit and value they received from Plaintiff. As such, Plaintiff has conferred a benefit on Defendants for which Defendants equitably should compensate Plaintiff. Defendants have been unjustly enriched in violation of the fundamental principles of justice, equity, and good conscience.

70. Under these circumstances, it would be inequitable, unfair, and unjust for Defendants to retain this benefit.

## COUNT V
## ATTORNEYS' FEES
### (Against all Defendants)

71. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

72. Defendants have acted in bad faith, been stubbornly litigious and caused Plaintiff unnecessary trouble and expense, and therefore, Plaintiff is entitled to recover their expenses of litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11 or otherwise.

**WHEREFORE,** Plaintiff demands a TRIAL BY JURY and the following relief:

(a) A declaratory judgment that the Defendants' practices complained of herein are unlawful under the FLSA;

(b) An award of special and general damages;

(c) An award of back pay, including all lost pay and benefits, raises, cost of living increases, retirement benefits, and all other lost benefits and compensation reducible to a dollar amount;

(d) An award of compensatory damages for emotional pain and suffering in an amount to be determined by the enlightened conscience of a jury;

(e) An award of unpaid wages at regular hourly rate, unpaid overtime compensation, and other compensation denied or lost to Plaintiff by reason of Defendants' unlawful acts;

(f) An award of front pay, including all lost future pay and benefits, raises, cost of living increases, retirement benefits, and all other lost benefits and compensation reducible to a dollar amount;

(g) An award of liquidated and punitive damages;

(h) An award of pre-and post- judgment interest;

(i) An award of costs and expenses of this action, including reasonable attorney's and expert fees; and

(j) Such other relief as this Court deems just and proper.

Respectfully submitted, this 1st day of February, 2024.

*s/ Jackie Lee*
Jackie Lee
Georgia Bar No. 419196
jackie@leelawga.com
LEE LAW FIRM, LLC
695 Pylant Street N.E., Suite 105
Atlanta, Georgia 30306
Tel: (404) 301-8973

**COUNSEL FOR PLAINTIFF**
